UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00258-JGH

CAMILLE RALSTON                                                                                          PLAINTIFF

V.

HUMANA INSURANCE COMPANY                                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Camille Ralston, has filed a motion to remand accompanied by a stipulation of damages.  Defendant, Humana Insurance Company, argues that Plaintiff may not stipulate specific monetary damages to thwart removal and escape federal court.

Plaintiff filed this case in the Jefferson Circuit Court.  The Complaint alleged state law claims for racial discrimination and retaliation, unpaid overtime wages, and intentional infliction of emotional distress.  Defendant removed the lawsuit to this Court, hinging subject-matter jurisdiction on diversity of citizenship alone.  Plaintiff then requested remand based on a failure to satisfy the amount-in-controversy requirement and simultaneously stipulated that damages would not exceed $75,000.

Removal of a state court action to federal district court is appropriate if original federal jurisdiction is present.  28 U.S.C. § 1441(a).  Defendant relies on diversity jurisdiction, which exists where the opposing parties are "citizens of different states" and " the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332(a) and (a)(1).

It is undisputed that the two parties are diverse citizens.  Plaintiff is a citizen of

Kentucky, while Defendant maintains both its incorporation and principal place of business in Wisconsin. *See* 28 U.S.C. § 1332(c)(1). Therefore, the sole issue is whether the amount in controversy exceeds $75,000.

Federal diversity jurisdiction is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *see* 28 U.S.C. § 1446(b). Thus, the amount in controversy is usually controlled by the alleged damages in the initial pleadings unless the defendant can prove to a "legal certainty" that the plaintiff in good faith cannot claim such an amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). Under those circumstances, the plaintiff may not reduce or change the monetary demand by stipulation in response to a removal action. *Rogers*, 230 F.3d at 872.

Here, Kentucky law prohibited Plaintiff from pleading specific monetary damages in excess of the state's minimum jurisdictional requirements. CR 8.01(2). In response to Kentucky procedure, this Court has held that where specific information is being provided for the first time a plaintiff may clarify, but not reduce or change, the amount in controversy. *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). This clarification can be achieved only by an "unequivocal statement and stipulation limiting damages." *Id.*

The stipulation provided by Plaintiff's counsel complies with the "unequivocal" standard. It limits the possible recovery and states:

> Plaintiff asserts in the above cause of action, and any subsequent related state court action(s), that Plaintiff will not seek nor accept damages in excess of $75,000.00, inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief. This stipulation does not limit Plaintiff's ability to seek costs or interest on any judgments entered in her favor.

The plain language of this stipulation leaves no opportunity to collect more than $75,000 and

thus suffices to clarify the amount in controversy.

Although Plaintiff's stipulation comes through counsel, rather than personal affidavit, it is no less effective.  The Court will rely on a statement of counsel limiting damages, but should an unscrupulous party later attempt to void the commitment, it will be punished with the "utmost severity."  *Van Etten v. Bos. Scientific Corp.*, No. 3:09-CV-442-H, 2009 WL 3485909, at *1-2 (W.D. Ky. Oct. 23, 2009).

Finding that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is not satisfied, this Court lacks subject-matter jurisdiction to adjudicate the present claims.  Therefore, the case must be remanded to the Jefferson Circuit Court.

For the reasons stated in its Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED, and this case is REMANDED to the Jefferson Circuit Court.

cc:     Counsel of Record & Jefferson Circuit Court